**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 98-4744

GARY MICHAEL ALLEN, a/k/a Philly,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-986)

Submitted: November 16, 1999

Decided: December 20, 1999

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael S. Seekings, Charleston, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Robert H. Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gary Allen appeals from a district court judgment order entered pursuant to a jury verdict finding him guilty of conspiring to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1994). On appeal, Allen challenges the sufficiency of the evidence to support his conviction, and the district court's decision to attribute over 50 grams of cocaine to him at sentencing. We must sustain the jury's verdict if there is substantial evidence, taking the view most favorable to the Government, to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). The district court's calculation of the quantity of drugs attributable to a defendant is reviewed for clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

The record discloses that Allen's conviction was supported by overwhelming evidence. Contrary to Allen's claims that he did not participate in a large drug ring operating in Beaufort, South Carolina between 1994 and 1996, but rather merely purchased drugs from some of the conspiracy's participants, numerous co-defendants testified that Allen participated by providing customers to the leaders of the conspiracy, delivering drugs to those customers, and delivering proceeds of drug sales to dealers in exchange for payment. This testimony also reflects Allen's involvement with far more than 50 grams of cocaine. There was evidence that one supplier fronted Allen a quarter of an ounce of crack each day for a period of a year and a half. A member of the task force that investigated the drug ring testified that Allen admitted to cooking three ounces of crack for this same supplier. Another dealer testified that Allen sold nine ounces of crack for him over a two month period. And various other witnesses testified to Allen's regular involvement with the conspiracy over most of its duration.

Accordingly, we affirm the judgment order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2